UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOEY RODRIGUEZ,

Plaintiff,

v. Case No. 8:26-cv-01373-JLB-NHA

FIVE BELOW, INC.,

Defendant.
_______________________________________/

**REPORT AND RECOMMENDATION**

Plaintiff Joey Rodriguez moves pursuant to 28 U.S.C. § 1447(c) to remand this action to state court. Doc. 15. I respectfully recommend that the Court grant Plaintiff's motion, because Defendant Five Below, Inc. failed to remove the action within thirty days of receiving Plaintiff's Initial Disclosures demonstrating that this case was eligible to be removed to afederal court. Because the removal was untimely, remand is required.

## I. Background

Plaintiff filed this lawsuit in Florida state court on May 30, 2025. Doc. 1-8. He alleges that, on October 19, 2024, he slipped and fell on a foreign substance on the floor of Defendant's store. *Id.* at ¶¶ 8–9. He brings a premises liability claim against Defendant and a negligence claim against an unnamed

manager he calls Jane Doe[1]. *Id.* The Complaint claims that the fall caused, among other things, serious bodily injury, pain and suffering, disability, scarring, and disfigurement, and required Plaintiff to incur various medical expenses, which losses he alleged would continue "in the future." *Id.* at ¶¶ 1, 14. The Complaint does not quantify Plaintiff's monetary damage claim but alleges, for state-court "jurisdictional purposes only," that it exceeds $50,000.00. *Id.* ¶ 1.

On December 19, 2025, Plaintiff served Initial Disclosures pursuant to Florida Rule of Civil Procedure 1.280(a). Doc. 15-1. Those disclosures identified Plaintiff's medical providers and set forth an itemized computation of past medical expenses totaling $238,843.00:

| **MEDICAL BILLS:** | | **Total** |
|---|---|---|
| St. Joseph's Hospital | | $22,740.00 |
| Emergency Medical of TB | | $1,000.00 |
| SDI Diagnostic | | $1,006.00 |
| AdventHealth Westchase ER | | $0.00 |
| The Right Spinal Clinic | | $11,029.88 |
| ClearView Open MRI | | $1,851.76 |
| Alliance Spine & Joint | | $199,115.95 |
| FL Spine & Ortho | | $2,100.00 |
| | Total: | $238,843.00 |

*Id.* at p. 7. The disclosures further stated that Plaintiff expected to incur future medical expenses and that Plaintiff intended to also seek significant non-

[1] Jane Doe has not been identified or served.

economic damages. *Id.* The $238,843.00 figure thus represented only one element (past medical expenses) of Plaintiff's damages claim.

One hundred and thirteen days later, on April 10, 2026, in response to certain discovery requests, Plaintiff produced to Defendant his medical records and bills. Doc. 16 at ¶¶ 5–6. Those documents showed that Plaintiff had been charged $504,026.17 for medical procedures. *Id.*; Doc. 1 at p. 4. Defendant claims that this was the "first basis from which Defendant could confirm, by a preponderance of the evidence, that the amount in controversy exceeded $75,000." Doc. 1 at p. 4. Accordingly, on May 7, 2026, Defendant removed the action to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1.

Twelve days later, on May 19, 2026, Plaintiff filed the present motion to remand the case to state court, arguing that Defendant's removal was untimely. Doc. 15. Plaintiff asserts that Defendant was required to remove the case within 30 days of December 19, 2025, the date Defendant received Plaintiff's initial disclosures itemizing hundreds of thousands of dollars in medical expenses that Plaintiff claimed he incurred as a result of the accident. *Id.* Defendant contends the 30-day deadline is triggered only by "concrete evidence" establishing the amount in controversy and thus Defendant was required to remove the case within thirty days of its receipt of Plaintiff's medical records. Doc. 16 at p. 9.

The parties do not dispute that complete diversity exists or that the amount in controversy exceeds $75,000.00. Doc. 15 at p. 4. The sole issue is the timeliness of Defendant's removal.

## II. Legal Standard

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000) (citing *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir. 1999)). Applicable here, federal district courts have diversity jurisdiction over all civil actions where (1) the matter in controversy exceeds $75,000, exclusive of interest and costs, and (2) the parties are citizens of different states. 28 U.S.C. § 1332.

A defendant may remove a civil action filed in state court to federal court pursuant to 28 U.S.C. § 1441. Where, as here, the state court complaint does not establish federal court jurisdiction, a defendant seeking to remove an action must follow the procedures outlined in 28 U.S.C. § 1446(b)(3). That statute provides that "notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The statute does not define "other paper" but courts have interpreted it to mean anything a defendant receives from a plaintiff through the course of the case. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n.62 (11th Cir. 2007) ("[Other paper] include[s]: responses to request[s] for admissions, settlements offers, interrogatory responses, deposition testimony, demand letters, and email[s] estimating damages." (citations omitted)). An "other paper" starts the 30-day removal period when it provides an "unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1218 (11th Cir. 2007).

Should a defendant fail to remove the case within the 30 days provided by the statute, a plaintiff may move within 30 days to remand the case to state court. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). "Where there is a defect in the removal process, remand is the appropriate remedy." *Daedalus Cap. LLC. v. Vinecombe*, No. 8:12–CV–2533, 2013 WL 12173613, at *2 (M.D. Fla. Jan. 30, 2013).

## III. Analysis

Here, the amount in controversy was not clear from the face of the Complaint. The Complaint alleged, for state-court "jurisdictional purposes only," that Plaintiff's damages exceeded $50,000.00. Doc. 1-8 at ¶ 1.

Accordingly, the Court must determine which subsequent "paper" first made clear that the amount in controversy exceeded $75,000, making the case eligible for removable to federal court under 28 U.S.C. § 1446(b)(3).

Plaintiff's Initial Disclosures were post-complaint discovery disclosures served by Plaintiff on Defendant pursuant to Florida Rule of Civil Procedure 1.280(a). Doc. 15-1. That rule requires a party to provide, without awaiting a discovery request, a computation for each category of damages claimed, together with the documents or evidentiary material on which the computation is based. Fla. R. Civ. P. 1.280(a)(1)(C). Discovery documents served by plaintiff on a defendant qualify as "other paper." *Lowery*, 483 F.3d at 1213 n. 62; *see also Cuesta v. Holiday CVS, LLC*, No. 25-25695-Civ, 2026 WL 1162323, at *7 (S.D. Fla. Apr. 29, 2026) (collecting authorities) ("[C]ourts in our Circuit often rely on the initial disclosures as unambiguous written evidence triggering the removal deadline under [S]ection 1446(b)(3).").

Plaintiff's disclosure was unambiguous. Plaintiff listed past medical expenses totaling $238,843.00, broken down by provider and amount. Doc. 15-1 at p. 7. The disclosures further stated that Plaintiff intended to seek damages for future medical expenses and significant non-economic injury. *Id.* This disclosure is one from which removability may have been readily ascertained. *See, e.g., Santiago Avelo v. Sam's E., Inc.*, 2026 WL 904703, at *3 (M.D. Fla. 2026) (holding that a plaintiff's initial disclosures stating that she

had incurred more than $150,000 in medical expenses were sufficient to trigger the removal window as they contained "a clear statement of [her] damages")

Defendant complains that Plaintiff's initial disclosures lacked "supporting medical records or bills" and did not "disclose the nature or extent of Plaintiff's injuries with sufficient clarity to establish removability." Doc. 1 at p. 4. But mere notice that a plaintiff is seeking damages that exceed the statutory threshold for federal court is sufficient; there is no requirement that Plaintiff provide evidence supporting the damages amounts. *See Cameron v. Teeberry Logistics, LLC*, 920 F. Supp. 2d 1309, 1313 (N.D. Ga. 2013) ("[Plaintiff] did not need to attach actual medical bills in order to provide them with notice of removability."); *Ramos v. Walmart Stores E., L.P.*, 2026 WL 194220, at *2 (M.D. Fla. 2026) (holding that defendant was placed on notice that the amount in controversy exceeded $75,000 on the day it received plaintiff's Florida Rule of Civil Procedure 1.280 initial disclosures detailing plaintiff's damages, and that removal filed within thirty days of those disclosures was timely).

In sum, on December 19, 2025, Plaintiff served an "other paper" on Defendant from which Defendant could unambiguously determine the case was removeable. Doc. 15-1. The December 19, 2025 initial disclosures thus triggered the thirty-day removal window under 28 U.S.C. § 1446(b)(3), making the deadline to remove this case January 20, 2026. Defendant's May 7, 2026,

Notice of Removal was untimely. Plaintiff properly moved to remand this case within 30 days of Defendant's notice of removal. Doc. 15. Remand is appropriate.

**IV. Fees**

Section 1447(c) provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that fees should be awarded under § 1447(c) where "the removing party lacked an objectively reasonable basis for seeking removal," and denied "when an objectively reasonable basis exists." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The question is not whether the removing party was wrong, but whether its position was objectively reasonable at the time of removal. *Id.* A defendant may have acted on an objectively reasonable basis even where the Court concludes that removal was untimely. *Id.*

Here, while the Court appreciates that Defendant may have believed the supporting documentation was necessary before it could responsibly remove, the statute asks only when removability was ascertainable, not when it was verifiable. That said, Defendant's view, while incorrect, was not objectively unreasonable.

Florida Rule of Civil Procedure 1.280(a)(1)(C) requires a disclosing party to provide not only a computation for each category of damages claimed, but

also "a copy of the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fla. R. Civ. P. 1.280(a)(1)(C). Plaintiff's Initial Disclosures provided the computation but did not attach the underlying medical records and bills. Doc. 15-1. The disclosure was therefore incomplete. Given the deficiency of the Rule 1.280 disclosure, Defendant may have had a reasonable basis for concluding that the disclosure was not a sufficient "other paper" to trigger § 1446(b)(3). And, this matter has not been squarely resolved by the Eleventh Circuit or by a published decision of this Court.

Accordingly, although I recommend that the Court remand this case for the reasons stated above, I find that Defendant had an objectively reasonable basis for the timing of its removal and recommend that the Court deny Plaintiff's request for attorney's fees and costs under § 1447(c).

## V. Conclusion

For the reasons stated, I recommend that the Court:

1. GRANT in part Plaintiff's Renewed Motion to Remand (Doc. 15);
2. DENY Plaintiff costs and actual expenses incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c); and
3. DIRECT the Clerk to REMAND this action to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to transmit a certified copy of the Court's order to the clerk of that court,

to terminate any pending motions and deadlines, and to CLOSE this case.

SUBMITTED on June 22, 2026.

Natalie Hirt Adams
NATALIE HIRT ADAMS
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.